UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV665-J

FOREST J. HOWARD                                                                                         PLAINTIFF

VS.

MICHAEL J. ASTRUE,
       Commissioner of Social Security                                                      DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of Forest Howard ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

<u>PROCEDURAL HISTORY</u>

In June and August of 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of May 23, 2004. After a hearing, Administrative Law Judge Randolph E. Schum ("ALJ") determined that claimant's late effects of injuries to the cervical spine and degenerative disc disease, and status post motor vehicle accident were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on October 5, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that he is entitled to a closed period of disability beginning as of his motor vehicle accident on May 23, 2004. He argues that substantial evidence fails to support the ALJ's determination that plaintiff was not disabled for any continuous twelve month period, and this argument is, in turn, based on his contention that the ALJ erred in evaluating the credibility of plaintiff's testimony.

Mr. Howard bases his claim of inability to work on his experience of numbness and pain. The medical evidence shows the existence of impairments that could produce numbness and pain. Thus, the question is whether those symptoms are of the persistence and severity claimed by the plaintiff. Mr. Howard's credibility is central to this inquiry, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly."

Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997).

> SSR 96-7p provides instruction on credibility evaluation as follows:
>
> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

While great deference is owed to the ALJ's credibility assessment, it must nonetheless be

supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). If the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

The hearing in this case took place on June 19, 2006, almost 25 months after the car wreck. Mr. Howard testified that he experiences numbness in his lower arms that "never leaves." Tr. 474. However, he stated he would be able to feel pin prick in his fingers and thumbs. Tr. 484. The difficulty is greater in his left hand (non-dominant hand) than in his right. Tr. 476-477. He stated that his current levels of pain stay around eight of ten. Tr. 478. He stated he could lift approximately 40 pounds, and could probably lift twenty pounds frequently. Tr. 481. He estimated that he could stand or walk three to four hours in a day and could sit four or five hours in a day. Tr. 482. He indicated that he did well for approximately four months after the accident and then began deteriorating; he testified that he had the abilities described above since approximately November of 2004. Tr. 485.

These abilities are not inconsistent with the performance of the range of work identified by the ALJ, and, indeed, the ALJ generally credited Mr. Howard's hearing testimony. However, Mr. Howard testified that he lies down "more so than anything because of, of the pain in [his] back." He estimated that he lies down perhaps eight hours during the day. Tr. 479. He also testified that after three hours of therapy, he lies down and sleeps. Tr. 480. While recognizing that "it might be enjoyable to rest/lie down during the day," the ALJ was unable to find any medical necessity for this. Tr. 17. Nor has Mr. Howard pointed to any medical advice that he lie down frequently during the day.

In contrast to his statement that his pain levels were at eight out of ten, the ALJ discussed

4

the report of examining physician, Dr. Akaydin. When Dr. Akaydin saw claimant on February 16, 2005, nine months after the accident, Mr. Howard reported, "I really feel pretty good right now all things considered, but I have felt better." Dr. Akaydin further noted that Mr. Howard denied having any "overly severe musculoskeletal discomfort of any kind." Tr. 292. Motor examination was within normal limits, and sensation was grossly intact in the upper extremities. The doctor noted, "He is able to get both on and off the examination table quite easily without any apparent difficulty whatsoever." Tr. 294.

Use of the term "credibility" might seem to imply that the ALJ believed Mr. Howard was dissembling in some way, but this does not appear to be the case. Indeed, there is nothing in the record that suggests Mr. Howard has been anything other than open and cooperative. Rather, the ALJ found that he did not believe lying down during the day was a medical necessity for Mr. Howard, nor did the ALJ appear to perceive that Mr. Howard thought it was a medical necessity. The Court sees no error in the ALJ's evaluation of Mr. Howard's testimony, and, considered as a whole, the record includes substantial evidence to support the ALJ's conclusion that lying down during the day is not a medical necessity for Mr. Howard, and that the abilities to which Mr. Howard testified are consistent with the work identified.

An order in conformity has this day entered.